GARRETT, Judge.
Appellant appeals the trial court’s order discharging the receiver and finding appel-lee had satisfied the judgment below.
Appellant obtained a $15,698.28 judgment against appellee. Attempts to execute on the judgment were unsuccessful. Appellant then filed motions for proceedings supplementary and for impleader of third parties. Motions for sequestration and appointment of a receiver followed. The appointed receiver sequestered appel-lee’s rights and interests in a St. Lucie County School Board construction contract.
Appellee paid $17,205.00 into the registry of the court. The payment did not include appellant’s costs of execution. The Clerk of the Court recorded a satisfaction of judgment. Appellant refused to accept the registry money.
The trial court granted appellee’s motion to discharge the receiver. The trial court denied appellant’s motions to vacate the satisfaction of judgment, to award appellant post-judgment attorney’s and receiver’s fees and costs, and to amend the final judgment.
We reverse. The appellant is entitled to receive the costs incurred in issuing the execution.
Section 55.141(1), Florida Statutes (1987) provides:
All judgments and decrees for the payment of money rendered in the courts of this state and which have become final, may be satisfied at any time prior to the actual levy of execution issued thereon by payment of the full amount of such judgment or decree, with interest thereon, plus costs of the issuance, if any, of execution thereon into the registry of the court where rendered.
Because the amount paid into the registry did not include such costs, the clerk should not have recorded the satisfaction of judgment. On remand the trial court should grant appellant’s motions to vacate the satisfaction of judgment and the discharge of the receiver.
Appellant’s claims for post-judgment attorney’s and receiver’s fees and costs until the judgment is fully satisfied should be revisited and the judgment amended to include the appropriate interest, fees and costs.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., and POLEN, J., concur.